IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
JIMMIE L. WASHINGTON, :
: CASE NO. 5:12 CV 84
                    Petitioner :
:
    -vs- : **MEMORANDUM OF OPINION**
: **AND ORDER**
DONALD MORGAN, :
:
                    Respondent :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    On 12 January 2012, Petitioner *pro se* Jimmie L. Washington filed the above-captioned Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Mr. Washington is confined in an Ohio penal institution, having been convicted in July 2009, pursuant to a jury verdict, of aggravated robbery with a gun specification. For the reasons stated below, the Petition is denied and this action is dismissed without prejudice.

    A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States. In addition, a petitioner must have exhausted all available state remedies. 28 U.S.C. § 2254.

    It is evident that Mr. Washington has not exhausted his state court remedies. He states he is awaiting a decision from the state courts concerning Grounds 2 and 4 of the

Petition, and asks this Court to stay the instant proceedings pending that decision. (ECF #1, p.11).

Because the Petition raises issues on which Mr. Washington has yet to fully exhaust state court remedies, it is subject to the rule of Rose v. Lundy, 455 U.S. 509 (1982), that "a district court must dismiss habeas petitions containing both unexhausted and exhausted claims. [footnote omitted]." Id. at 522.

Accordingly, this action is dismissed without prejudice pending exhaustion of Mr. Washington's state court remedies. He may file a Motion to Reopen in this case, with equitable tolling of the statute of limitations[1] for the period during which his post conviction motions and related appeals are pending, plus 30 days, upon exhaustion of those remedies. See, Hargrove v. Brigano, 300 F.3d 717, 720 (6th Cir. 2002).

    IT IS SO ORDERED.

                                        /s/Lesley Wells
                                        LESLEY WELLS
                                        UNITED STATES DISTRICT JUDGE

---

[1] See 28 U.S.C. § 2244(d).