IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE L. WASHINGTON, | ) | CASE NO. 5:12 CV 84 |
| | ) | |
| Petitioner, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| DONALD MORGAN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT& RECOMMENDATION** |

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -3-
    A.    Background facts, trial, and sentence . . . . . . . . . . . . . . . . . . . . . . . -3-
    B.    Direct appeal – original trial and sentence . . . . . . . . . . . . . . . . . . . -4-
           1.    Ohio court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -4-
           2.    Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -5-
           3.    Rule 26 motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -6-
           4.    Postconviction motions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -9-
           5.    Re-sentencing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -14-
                 a.    Re-sentencing in trial court . . . . . . . . . . . . . . . . . . . . -14-
                 b.    Direct appeal of re-sentencing . . . . . . . . . . . . . . . . . . -15-
                 c.    Second series of motions to reconsider and reopen the appeal
                      . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -16-
           6.    State habeas corpus petition . . . . . . . . . . . . . . . . . . . . . . . . . -17-
           7.    Federal habeas corpus petition . . . . . . . . . . . . . . . . . . . . . . . . -17-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-
    A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -19-
    B.    Standard of review – procedural default . . . . . . . . . . . . . . . . . . . . -20-
    C.    Application of standard – the petition should be dismissed as procedurally
        defaulted without cause to excuse default shown. . . . . . . . . . . . . . . -22-
           1.    Ground one . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -23-
           2.    Ground two . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -26-
           3.    Ground three . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -28-
           4.    Ground four . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-
           5.    Request for an evidentiary hearing . . . . . . . . . . . . . . . . . . . . . -32-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -33-

## Introduction

Before me by referral[1] is the *pro se* petition of Jimmie L. Washington for a writ of habeas corpus under 28 U.S.C. § 2254.[2] Washington is presently incarcerated by the State of Ohio at the Southern Ohio Correctional Facility where he is serving a seven-year term imposed in 2010 by the Summit County Court of Common Pleas.[3] Washington was convicted by an Ohio jury in 2009 for aggravated robbery with a gun specification and theft.[4]

Here, Washington asserts four grounds for habeas relief,[5] all of which the State maintains are procedurally defaulted.[6] Washington filed a traverse[7] to which the State replied.[8] For the reasons that follow, I will recommend that Washington's petition be dismissed as procedurally defaulted.

---

[1] The matter was referred to me under Local Rule 72.2 by United States District Judge Lesley Wells in an order dated February 21, 2013. ECF # 12.

[2] ECF # 10 at 1. The petition is an amended petition which was filed after this Court dismissed without prejudice (ECF #s 6, 7) the previously filed petition (ECF # 1) for failure to exhaust. Following exhaustion, Washington moved to re-open the case (ECF # 8), which motion was granted (ECF # 9) in an order directing Washington to file an amended petition.

[3] *Id.*

[4] ECF # 18 at 2.

[5] ECF # 10 at 5-10.

[6] ECF #18 at 29-37.

[7] ECF # 20.

[8] ECF # 21.

# Facts

## A.    Background facts, trial, and sentence

The underlying facts were found by the Ohio appeals court[9] in its review of the trial court  proceedings.

In April of 2009, Washington was indicted on one count of aggravated robbery, along with a gun specification; one count of grand theft; and one count of having weapons while under disability.[10] Washington pled not guilty to all charges.[11] Prior to the conclusion of the trial, the State dismissed the charge of having weapons under disability and amended the charge of grand theft to theft.[12] The trial court granted the amendment to the indictment over Washington's objections.[13] A jury then found Washington guilty of the remaining charges of aggravated robbery with the gun specification and theft.[14] On August 24, 2009, the trial court sentenced Washington to four years in prison for aggravated robbery and to twelve

---

[9] Facts found by the state appellate court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Mason v. Mitchell*, 320 F.3d 604, 614 (6th Cir. 2003) (citing *Sumner v. Mata*, 449 U.S. 539, 546-47 (1981)).

[10] ECF #18-1 (state court record), at 3.

[11] *Id.*

[12] *Id.*

[13] *Id.*, at 4.

[14] *Id.*

months' incarceration for theft.[15] The court ordered the sentences to be served concurrently with each other but consecutive to the three-year prison sentence for the gun specification.[16]

## B.    Direct appeal – original trial and sentence

### 1.    *Ohio court of appeals*

Washington, through counsel, timely[17] appealed to the Ninth District Court of Appeals.[18] In the supporting brief, Washington raised the following two assignments of error:

> ASSIGNMENT OF ERROR I: THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE COURT PERMITTED THE STATE TO AMEND THE INDICTMENT PRIOR TO THE START OF TRIAL.

> ASSIGNMENT OF ERROR II: THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON BOTH THE ROBBERY AND THEFT COUNTS AS THEY ARE ALLIED OFFENSES OF SIMILAR IMPORT.[19]

As Washington's brief makes clear, these assignments of error were argued exclusively as questions of state law.[20]

------

[15] *Id.*

[16] *Id.*

[17] The appeal was filed on September 23, 2009. Under Ohio App. Rule 4(A), to be timely, a party must file a notice of appeal within 30 days of the judgment being appealed. *See also*, *Smith v. Konteh*, No. 3:04CV7456, 2007 WL 171978, at *2 (N.D. Ohio Jan. 18, 2007). Thus the appeal was timely.

[18] ECF # 18-1, at 44.

[19] *Id.*, at 48.

[20] *See*, *id.*, at 47 (table of authorities) which lists five cases from the Ohio Supreme Court, one case from an Ohio appellate court, three sections of the Ohio Revised Code, one section of the Ohio Rules of Criminal Procedure, and a reference to the Ohio Constitution.

The State filed a brief in opposition,[21] and on July 21, 2010, the Court of Appeals overruled Washington's first assignment of error but concluded that his theft conviction should have merged with his aggravated robbery conviction as they were allied offenses.[22] The trial court's judgment was thus affirmed in part, and reversed in part, and the matter remanded for re-sentencing.[23]

**2.      *Supreme Court of Ohio***

On August 19, 2010, Washington, *pro se*, timely[24] filed a notice of appeal with the Supreme Court of Ohio.[25] In his memorandum in support of jurisdiction Washington raised a single proposition of law:

> Proposition of Law No. I: Change in degree and Penalty Changed The Idenitity [sic] of The charged offense regardless rather an increase or decrease.[26]

As with his arguments to the Ohio appeals court, Washington's argument to the Supreme Court of Ohio was framed exclusively as a matter of Ohio law. In particular,

---

[21] *Id.*, at 66-78.

[22] *Id.*, at 79-85.

[23] *Id.*, at 84.

[24] Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) provides that an appeal must be filed within 45 days of the judgment being appealed. Here, the appellate judgment was entered on July 21, 2010, and the notice of appeal filed in the Supreme Court on August 19, 2010. Since the notice of appeal was filed less than 30 days after the entry of the appeals court decision, the notice was timely filed under Ohio law.

[25] ECF # 18-1, at 147.

[26] *Id.*, at 150.

Washington emphasized that his due process and equal protection analysis was grounded in the manner by which Ohio Criminal Rule 7(D) interacts with the provisions of the Ohio Constitution that require an indictment in capital or otherwise "infamous" crimes, and afford an accused due process and equal protection of the law.[27]

The State waived the filing of a responsive memorandum,[28] and on January 19, 2011, the Ohio Supreme Court declined leave to appeal and dismissed the appeal as not involving any substantial constitutional question.[29] Washington did not seek a writ of certiorari from the Supreme Court of the United States.[30]

### 3.     *Rule 26 motions*

After the state appeals court adjudicated his direct appeal but before the decision of the Supreme Court of Ohio, Washington, *pro se,* filed a timely Ohio Appellate Rule 26(A)

---

[27] *Id.*, at 151-52.

[28] *Id.*, at 168.

[29] *Id.*, at 169.

[30] *See*, ECF # 18 at 7.

motion for reconsideration of the appellate decision[31] and a timely[32] Appellate Rule 26(B)

application to reopen his appeal due to ineffective assistance of appellate counsel.[33]

In the motion to reopen, Washington claimed his appellate counsel was ineffective for

not raising this assignment of error:

> 1. THE TRIAL COURT ERRED TO THE PREJUDICED [sic] OF THE
> APPELLANT WHEN THE COURT PERMITTED THE STATE TO
> AMEND COUNT TWO PRIOR TO TRIAL WITHOUT A
> PRESENTMENT TO A GRAND JURY.[34]

Virtually simultaneous with the original filing,[35] Washington filed a supplement to his

Appellate Rule 26(B) application to reopen and claimed that his appellate counsel was also

ineffective for not raising this additional assignment of error:

---

[31] ECF # 18-1, at 86.

[32] Ohio App. Rule 26(A)(1)(a) requires that a motion to reconsider be filed no later than ten days after the clerk has mailed the decision to the parties and entered that fact on the record.  Here, the decision was entered on July 21, 2010, and the motion to reconsider under Ohio App. R. 26(A) was filed on July 26, 2010. ECF # 18-1, at 90. It thus appears timely filed.

[33] ECF # 18-1, at 91. Ohio App. R. 26(B)(1) provides that a motion to reopen shall be filed within 90 days of the date when the appellate decision was journalized. The appellate decision was entered on July 21, 2010, and the motion to reopen was filed on August 23, 2010. *Id.*, at 98. Thus the motion appears timely.

[34] *Id.*, at 93-94.

[35] The original motions were filed August 23, 2010, and the supplement was filed August 25, 2010. *Id.* at 109.

1.     THE TRIAL COURT ERRED IN SENTENCING APPELLANT ON BOTH COUNTS ONE AND TWO CRIMES OF SIMILAR IMPORT OVER OBJECTION OF THE APPELLANT.[36]

Subsequently, Washington filed a motion for leave to file a supplement to his Appellate Rule 26(B) application and add additional claims that his appellate counsel was ineffective for not raising evidence sufficiency and manifest weight claims.[37]

On September 29, 2010, the appellate court denied Washington's Rule 26(A) motion for reconsideration, concluding that his case did not call attention to an obvious error or an issue that the appellate court did not previously consider properly.[38] On October 29, 2010, the appellate court then denied Washington's Appellate Rule 26(B) application to reopen his appeal because he had failed to comply with Appellate Rule 26(B)(2)(d) procedural filing requirements by failing to attach a sworn statement for the basis of his claim.[39]

Despite the above denials, Washington continued to file pleadings in the Ohio appeals court. Specifically on November 1, 2010, he attempted to file a supplement to his denied Appellate Rule 26(B) application to reopen seeking to attach a sworn statement to that motion that he had not attached to the original filing,[40] and then approximately a week later

---

[36] *Id.*, at 108.

[37] *Id.*, at 110.

[38] *Id.*, at 115.

[39] *Id.*, at 116.

[40] *Id.*, at 118.

he filed a new application to reopen.[41] The State responded in opposition,[42] prompting Washington to move for a writ of mandamus[43] and a writ of habeas corpus.[44]

In December, 2010, the appellate court denied Washington's second Rule 26(B) application to reopen his appeal because the application was untimely under Appellate Rule 26(B)(1) and because Appellate Rule 26(B)(1) does not authorize successive petitions.[45] The appellate court also struck Washington's motions for a writ of mandamus and writ of habeas corpus from the appellate record because Ohio appellate rules of procedure do not allow the appellate court to exercise both appellate and original jurisdiction in the same case.[46]

Washington did not appeal from these denials to the Ohio Supreme Court.

## 4.  *Postconviction motions*

Washington filed numerous *pro se* motions in the trial court during the period from before his direct appeal and continuing to after the Ohio Supreme Court dismissed the direct appeal. The record here does not indicate that all motions were responded to by the State. To the degree the record reflects, the motions filed and any responses are listed here as follows:

---

[41] *Id.*, at 121.

[42] *Id.*, at 129.

[43] *Id.*, at 131.

[44] *Id.*, at 135.

[45] *Id.*, at 145.

[46] *Id.*, at 146.

- A motion for a new trial alleging newly discovered conflicts of interest involving his trial attorney.[47] This motion was denied, citing his pending appeal.[48]

- A motion to dismiss challenging the State's amendment to the indictment.[49] This motion was also supplemented.[50]

- A motion to set aside judgment and a motion for new trial that alleged jury instructions were erroneous.[51]

- Another motion to dismiss that challenged the amendment to the indictment.[52] The State filed a response to the two motions above,[53] to which Washington replied.[54]

- Yet another motion to dismiss challenging the amendment to the indictment.[55] Again, the State filed an oppositional memorandum.[56]

- A motion to dismiss and discharge the defendant alleging his indictment was fraudulent.[57]

---

[47] *Id.*, at 170.

[48] *Id.*, at 173.

[49] *Id.*, at 174.

[50] *Id.*, at 177.

[51] *Id.*, at 181.

[52] *Id.*, at 184.

[53] *Id.*, at 186.

[54] *Id.*, at 189.

[55] *Id.*, at 193.

[56] *Id.*, at 196.

[57] *Id.*, at 198.

- A motion to dismiss alleging Washington was denied his Criminal Rule 5(A) rights.[58]

- Two motions for a writ of habeas corpus.[59] The State filed a memorandum in opposition and a motion to dismiss.[60]

- A request for re-sentencing alleging that the jury verdicts did not contain the requisite felony level of offense.[61]

- Another motion to dismiss, challenging the validity of the indictment based on the grand jury foreman's signature.[62] The State filed a memorandum in response.[63]

- A petition to vacate or set aside judgment of conviction or sentence that alleged "the Petitioner was denied his right to a grand jury indictment as entitled by the Fifth Amendment of the United States Constitution and Sec. 10, Art. 1 of the Ohio Constitution."[64] The State responded with a motion to dismiss,[65] to which Washington filed an oppositional response[66] and a supplemental response.[67]

---

[58] *Id.*, at 205.

[59] *Id.*, at 208 and 213.

[60] *Id.*, at 216.

[61] *Id.*, at 220.

[62] *Id.*, at 228.

[63] *Id.*, at 235.

[64] *Id.*, at 237.

[65] *Id.*, at 247.

[66] *Id.*, at 250.

[67] *Id.*, at 254.

On May 16, 2011, the trial court denied all of the motions Washington filed after his re-sentencing and found that all of Washington's motions were without merit.[68] The court even stipulated that "all post-judgment motions of a substantially similar nature to [his] prior filings will not be considered by the court."[69]  However, even after the court's stipulation, Washington continued to file motions, which are listed here:

- A motion for reconsideration of his "motion to dismiss filed prior to trial."[70] The State filed an oppositional memorandum,[71] and Washington replied.[72]

- A successive petition to vacate or set aside judgment of conviction or sentence.[73] The State filed a response in opposition.[74]

- A motion to dismiss claiming that the trial court lacked subject matter jurisdiction because the grand jury deputy foreman signed the indictment instead of the grand jury foreman.[75] The State again opposed the motion,[76] and Washington replied.[77]

---

[68] *Id.*, at 257.

[69] *Id.*

[70] *Id.*, at 258.

[71] *Id.*, at 261.

[72] *Id.*, at 264.

[73] *Id.*, at 267.

[74] *Id.*, at 271.

[75] *Id.*, at 273.

[76] *Id.*, at 284.

[77] *Id.*, at 286.

-12-

- A motion to "modify verdict and finding and pass sentence accordingly."[78] The State filed a memorandum in opposition,[79] and Washington replied.[80]

- A motion to vacate judgment alleging that the trial court did not have subject matter jurisdiction.[81] The State opposed the motion,[82] and Washington replied.[83]

- A post-conviction petition[84] and then an amendment to his petition.[85] The State filed a motion to dismiss,[86] and Washington filed an oppositional response.[87]

- A motion for re-sentencing claiming that his sentence was void and that the court did not enter a finding of guilty.[88] The State filed a memorandum in opposition.[89]

---

[78] *Id.*, at 289.

[79] *Id.*, at 295.

[80] *Id.*, at 297.

[81] *Id.*, at 301.

[82] *Id.*, at 309.

[83] *Id.*, at 311.

[84] *Id.*, at 314.

[85] *Id.*, at 352.

[86] ECF #18-2 (state court record), at 356.

[87] *Id.*, at 359.

[88] *Id.*, at 363.

[89] *Id.*, at 368.

- Another motion for re-sentencing, attacking the validity of the sentencing entry and his conviction.[90] The court denied the motion.[91]

- Another petition to vacate or set aside judgment of conviction or sentence.[92] The State filed an oppositional memorandum.[93]

**5.    *Re-sentencing***

*a.    Re-sentencing in trial court*

On remand, the trial court held a re-sentencing hearing.[94] The court first denied all of Washington's pending *pro se* motions.[95] Then, on December 15, 2010, the trial court sentenced Washington to four years in prison for the aggravated robbery conviction and to a mandatory three consecutive years in prison for the firearm specification, again resulting in an aggregate seven-year prison sentence.[96] The re-sentencing order was journalized on December 27, 2010.[97]

---

[90] *Id.*, at 370.

[91] *Id.*, at 375.

[92] *Id.*, at 377.

[93] *Id.*, at 386.

[94] ECF 18-1, at 1.

[95] *Id.*

[96] *Id.*

[97] *Id.*

-14-

b. *Direct appeal of re-sentencing*

On January 25, 2011, Washington, through counsel, filed a timely notice of appeal of the re-sentencing order.[98] In April of 2011, Washington's appellate counsel filed a brief which identified this one assignment of error:

> 1. THE TRIAL COURT COMMITTED PLAIN ERROR BY DENYING MR. WASHINGTON'S PRE-SENTENCING MOTIONS TO DISMISS THE INDICTMENT.[99]

On April 29, 2011, Washington filed a supplemental *pro se* appellate brief raising this additional assignment of error:

> 1. THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT TO A FELONY OF THE FIRST DEGREE.[100]

The appellate court accepted both briefs.[101] In May, Washington filed another supplement to his merit brief raising these additional error assignments:

> 2. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BECAUSE IT LACKED JURISDICTION OVER THE INSTANT CASE DUE TO INDICTMENT MEETING SHAM LEGAL PROCESS.
>
> 3. THE TRIAL COURT ERRED BY CONVICTING THE APPELLANT OF A CHARGE SOUGHT TO BE CHARGED IN THE INDICTMENT.[102]

---

[98] ECF # 18-2, at 389.

[99] *Id.*, at 393.

[100] *Id.*, at 403.

[101] *See*, ECF # 18 at 11.

[102] ECF # 18-2, at 414.

-15-

The State filed a response brief,[103] to which Washington replied.[104] On December 21, 2011,
Ohio's Ninth District Court of Appeals affirmed Washington's conviction, sentence, and the
trial court's judgment.[105] Washington did not appeal this decision to the Ohio Supreme Court.

c.    *Second series of motions to reconsider and reopen the appeal*

On December 30, 2011, Washington, *pro se*, filed an Appellate Rule 26(A)
application for reconsideration alleging that the appellate court erred when it applied the
doctrine of *res judicata* to this appeal.[106] The appellate court denied this motion.[107]

In March of 2012, Washington filed an Appellate Rule 26(B) application to reopen
his appeal alleging that his appellate counsel was ineffective for not raising this error
assignment:

> 1.    THE TRIAL COURT LACKED SUBJECT MATTER
>        JURISDICTION OVER THE INSTANT CASE BECAUSE THE
>        INDICTMENT WAS A SHAM.[108]

The state appellate court denied both of Washington's applications because neither was
timely filed.[109]

---

[103] *Id.*, at 429.

[104] *Id.*, at 442.

[105] ECF #18-1, at 3.

[106] ECF #18-2, at 449.

[107] *Id.*, at 452.

[108] *Id.*, at 455.

[109] *Id.*, at 472.

-16-

On July 26, 2012, Washington filed a motion for relief from judgment in both of his appellate cases.[110] Washington claimed in his motion that the trial court did not issue a finding of guilt and that his sentencing entries and sentence were void.[111] The appellate court construed the motion as an application for reconsideration and denied the motion/application because it was not timely filed.[112]

### 6.     *State habeas corpus petition*

On March 30, 2011, Washington filed a *pro se* petition for a writ of habeas corpus in the Ohio Supreme Court.[113] The Ohio Supreme Court dismissed the case *sua sponte*.[114]

### 7.     *Federal habeas corpus petition*

On February 8, 2013, pursuant to 28 U.S.C. §2254, Washington filed the instant petition for a writ of habeas corpus raising the following relief grounds:

> **GROUND ONE:** THE TRIAL COURT ERRED BY ALLOWING PETITIONER TO STAND TRIAL ON A PAPER WRITING WITH NO REAL EFFECT IN THE FORM OF AN INDICTMENT MEETING SHAM LEGAL PROCESS.[115]
>
> **Supporting facts:** I filed a post conviction attacking the validity of the indictment and qualification of the grand jury foreman/deputy foreman. By

---

[110] *Id.*, at 473.

[111] *Id.*, at 474.

[112] *Id.*, at 485.

[113] *Id.*, at 486.

[114] *Id.*, at 495.

[115] ECF #10, at 5.

refusing to rule and/or filing a [sic] incomplete journal entry it thwarted this petitioner [sic] ability to seek further review.[116]

**GROUND TWO:** THE TRIAL COURT ERRED IN REFUSING TO SENTENCE THE PETITIONER ON THE AMENDED THEFT OF COUNT TWO AFTER HE WAS CONVICTED.[117]

**Supporting facts:** After the case was reversed and remanded the State declined to sentence the defendant to the Cnt. Two Theft because of the fact it would violate the Double Jeopardy Clause and crimes of similar import. The Theft was the same theft used as an element in the Aggravated Robbery. By refusing to enter a sentence no conviction exist [sic] which systematically affects the Aggravated Robbery.[118]

**GROUND THREE:** THE TRIAL COURT ERRED BY ALLOWING THE DEFENDANT TO STAND TRIAL ON BOTH THE AGGRAVATED ROBBERY AND THEFT AS IT VIOLATED DOUBLE JEOPARDY.[119]

**GROUND FOUR:** PETITIONER WAS DENIED HIS DUE PROCESS RIGHTS AS TO THE 5TH AND 14TH AMENDMENT DUE TO THE TRIAL COURT FAILURE TO ALLOW THE PETITIONER TO UTILIZE POST-CONVICTION AS A REMEDY OR VEHICLE OF CHALLENGING HIS CONVICTION.[120]

**Supporting facts:** The petitioner filed (3) post-conviction petitions. One was incompletely ruled on and the other two (2) was [sic] completely ignored. Even the the [sic] State requested a conclusion of law and finding of facts, in which, the trial court ignored. The error raised was supported by evidence dehor the record, thus, being able to be raised in a post-conviction.[121]

---

[116] *Id.*

[117] *Id.* at 7.

[118] *Id.*

[119] *Id.* at 8.

[120] *Id.* at 10.

[121] *Id.*

The State filed a return of the writ,[122] and Washington filed a traverse,[123] to which the State replied.[124]

## Analysis

### A.   Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.   There is no dispute that Washington is currently in state custody as a result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, Washington meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[125]

2.   There is also no dispute that the petition here was timely filed under the applicable statute.[126]

3.   In addition, my own review of the docket in this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[127]

---

[122] ECF # 18.

[123] ECF # 20.

[124] ECF # 21.

[125] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[126] 28 U.S.C. § 2254(d)(1); *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Washington's conviction was final when the state appeals court affirmed his conviction and re-sentencing on December 21, 2011, and Washington did not further appeal. Because this federal habeas petition was filed on January 12, 2011, it was filed within one year of the conclusion of Washington's appeal process and so is timely.

[127] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006).

4.     As will be discussed, Washington's claims have not been presented through one full round of Ohio's established appellate review procedure.

5.     Finally, I note that in his traverse Washington has requested an evidentiary hearing to develop the factual bases of his claims.[128] I will discuss the lack of a need for an evidentiary hearing when I address Washington's argument for cause in the analysis section, concluding that an evidentiary hearing is not needed here.

## B.     Standard of review – procedural default

Under the doctrine of procedural default, the federal habeas court may not review a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or because of some other violation of a state procedural rule.[129]

When the State asserts a violation of a state procedural rule as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)     Does a state procedural rule exist that applies to the petitioner's claim?

(2)     Did the petitioner fail to comply with that rule?

(3)     Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

---

[128] ECF # 20, at 4.

[129] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

-20-

(4)     Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[130]

In addition to establishing these elements, the state procedural rule must be (a) firmly established, and (b) regularly followed before the federal habeas court will decline review of an allegedly procedurally defaulted claim.[131]

If the State establishes a procedural default, the petitioner may overcome the default if he can show (1) cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[132] In addition, a showing of actual innocence may also excuse a procedural default.[133]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, prevented him from complying with the state procedural rule.[134] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire

---

[130] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

[131] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[132] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

[133] *Id.*

[134] *Id.* at 753.

-21-

proceeding with error of a constitutional dimension.[135] If the petitioner cannot show a reasonable probability of a different outcome at trial, prejudice does not exist.[136]

Notwithstanding these elements, the Supreme Court has held that federal habeas courts need not consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[137] In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[138]

## C. Application of standard – the petition should be dismissed as procedurally defaulted without cause to excuse default shown.

Each of Washington's four grounds should be dismissed with prejudice. Each of the four grounds stated are procedurally defaulted, and Washington has not shown cause to excuse the default.

By way of overview, as stated above, a federal habeas petitioner must exhaust his available state remedies by giving "the state courts one full opportunity to resolve any constitutional issues."[139] The petitioner must accomplish this by "invoking one complete

---

[135] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[136] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

[137] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[138] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[139] *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

round of the state's established appellate review process."[140] This includes a discretionary appeal to the state's court of last resort.[141] Failure to present federal habeas claims in a timely manner to this court of last resort – in Ohio the Supreme Court – results in procedural default of those claims.[142]

As detailed above, Washington appealed to the Supreme Court of Ohio only once – from his original conviction and sentencing. He did not appeal to the Supreme Court after his resentencing or from the lower court's decision on his Appellate Rule 26(B) motions or the rulings on his numerous *pro se* motions. As more fully explained below, any grounds not brought before the Supreme Court in the one appeal pursued are unexhausted and now procedurally defaulted.

### 1.    *Ground one*

Washington's first ground, as noted above, is that "the trial court erred by allowing petitioner to stand trial on a paper writing with no real effect in the form of an indictment meeting sham legal process."[143] The State argues that Washington's claims are procedurally defaulted on the grounds that this is not the same claim presented to the Ohio courts, the

---

[140] *Id.*

[141] *Id.* at 848.

[142] *Id.*

[143] ECF # 10 at 5.

claim presented to the Ohio courts having been set forth exclusively as a state law claim and not as a federal constitutional violation.[144]

As to the first basis for procedural default, the State points out that in his direct appeals, Washington did not challenge the original charging instrument or any alleged incomplete journal entries that he now brings up in his habeas petition, nor did he challenge the qualifications of the grand jury foreman/deputy foreman that he now puts at issue in ground one of the federal habeas petition.[145] Rather, Washington argued to the court of appeals and the Ohio Supreme Court that the State was not permitted under Ohio Criminal Rule 7(D) to amend the indictment to reduce the charged offense from aggravated robbery to robbery.[146] Further, Washington himself notes in the supporting facts of this ground that these arguments were first presented as part of his postconviction motions, and not in his direct appeal.[147]

A federal habeas petitioner must present the same claim on the same theory to the federal court as he presented to the state courts and must present it through one full round of the state's established appellate review procedure.[148] While it is true that an issue may be

---

[144] ECF # 18 at 24.

[145] *Id.*

[146] *Id.*

[147] ECF # 10 (amended petition) at 6.

[148] *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006).

fairly presented to the state courts if it is first raised in a reply brief,[149] it is equally true that once raised, it must then be presented to the highest court of the state where the petitioner was convicted.[150]

The record shows, as the State contends, that Washington did not present this same claim on the same theory to the Ohio courts on direct appeal, but instead, as Washington acknowledges, this claim and theory were presented to the state court in the various postconviction motions. That said, however, the record clearly shows that although Washington arguably raised this issue to the appeals court in a broadly-worded assignment of error challenging the denial of the postconviction motions, Washington then failed to appeal the appellate court's denial of this claim to the Ohio Supreme Court. Because the time for such an appeal has expired, Washington's failure to raise the claim to the Ohio Supreme Court does not constitute a lack of exhaustion since the claim is deemed exhausted by not being timely raised. Rather the claim is now considered procedurally defaulted.

Washington has not shown cause nor prejudice to excuse this procedural defaults. His petition blames trial and appellate counsel for his procedural defaults.[151] But Washington did not raise this specific ineffective assistance of counsel issue in his 2010 Appellate Rule 26(B) application,[152] although he arguably did raise counsel's failure to challenge the form of the

---

[149] *Rudolph v. Parke*, 856 F.2d 738, 739-40 (6th Cir. 1988).

[150] *Boerckel*, 526 U.S. at 845.

[151] ECF # 10 at 9.

[152] ECF # 18-1, 94 and 108.

indictment in his later 2012 Appellate Rule 26(B) application,[153] but that application was denied as untimely.[154] Therefore, because a procedurally defaulted claim of ineffective assistance of counsel cannot itself serve as cause to excuse another procedural default,[155] Washington's ineffective assistance of counsel claim here, which is procedurally defaulted, cannot constitute cause to excuse the established procedural default of ground one. Likewise, although a showing of actual, not legal, innocence will provide cause to excuse procedural default, Washington has not alleged or proven actual innocence.

### 2.    *Ground two*

Washington alleges in ground two that "[the] [t]rial court erred in refusing to sentence the petitioner on the amended theft of cnt. two after he was convicted."[156]

Washington made a version of this argument to the Ohio appeals court in the appeal from his re-sentencing. There, as noted earlier, he argued that because the verdict form neither specified the degree of the offense for which he was convicted nor contained a statement specifying an  aggravating element needed to justify a higher degree of felony, there was no basis for the trial court to sentence him for aggravated robbery and not theft. As also noted, the Ohio appeals court found that this argument as to the verdict form was barred by *res judicata* because any defect in the form was known to Washington at the time of his

---

[153] ECF # 18-2, at 455.

[154] *Id.*, at 472. Washington did not appeal from this denial to the Ohio Supreme Court.

[155] *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

[156] ECF # 10 at 7.

2009 appeal from the original sentence and so could not be raised in the 2011 appeal from the re-sentencing. Significantly, Washington did not appeal this decision to the Ohio Supreme Court.

Here, Washington restates and subtly changes the argument he originally presented to the state appeals court. There he argued that the trial court erred in sentencing him for aggravated robbery and not for theft because the verdict form did not contain a statement of an aggravating reason to justify the higher degree felony.[157] Here, he recasts the argument to be that the missing aggravating element needed to sentence him for aggravated robbery was the theft conviction, which was eliminated when the counts were merged, and does not mention any problems with the verdict form.

For the reasons discussed above this is not the same claim under the same theory as Washington presented to the Ohio courts. More importantly, even in the form presented to the Ohio appeals court in the 2011 appeal, Washington did not take the claim to the Ohio Supreme Court when the appellate court rejected his claim. Thus, as was the case with the prior claim, because Washington did not file a timely appeal with the Ohio Supreme Court, and because the time to have done so has long since expired, this claim is deemed exhausted but procedurally defaulted.

---

[157] I note that the state appeals court in the original 2009 appeal found that the theft offense was subsumed within the commission of the aggravated robbery and that the aggravating element required for aggravated robbery – having a deadly weapon on or about the offender's person or under his control or displaying or brandishing the weapon – was established by the evidence. ECF # 18-1, at 83-84.

Washington has not shown cause to excuse this procedural default. As discussed in the preceding section, to the degree Washington asserts appellate counsel was at fault for not raising this issue properly on appeal, such an ineffective assistance of counsel claim would be itself procedurally defaulted.[158] Furthermore, Washington cannot raise an ineffective assistance of counsel claim to excuse his failure to  appeal to the Ohio Supreme Court, as there is no constitutional right to counsel in that proceeding.[159]

**3.**      ***Ground three***

In ground three Washington asserts that "[t]he Trial Court erred by allowing the defendant to stand trial on both the Aggravated Robbery and Theft as it violated Double Jeopardy."[160] As the State observes, any error that occurred when Washington was tried for both aggravated robbery and theft was cured or rendered moot when the Ohio appeals court found that these offenses were allied offenses and remanded the matter so that Washington would be sentenced for only one conviction. The State further observes that Washington never raised a double jeopardy argument to the Ohio Supreme Court following the appellate court decision in his first appeal.

---

[158] ECF # 18-2, at 472.

[159] *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). The constitutional guarantee of counsel extends no further than to the first appeal as of right in Ohio, and Washington's first appeal as of right in this criminal case was the appropriate court of appeals. An appeal to the Ohio Supreme court from the decision of the appellate court is a second appeal, and, therefore, there is no constitutional guarantee to effective assistance of counsel. *State v. Buell*, 70 Ohio St. 3d 1211, 638 N.E.2d 110 (1994) citing *Wainwright v. Torna*, 455 U.S. 586 (1982).

[160] ECF # 10 at 8.

For the reasons stated earlier, this claim – if any claim survives the presumption that it is moot after the Ohio appeals court decision – is procedurally defaulted by reason of Washington's failure to raise this issue to the Ohio Supreme Court. And, again for the reasons discussed above, Washington has not excused the procedural default by any showing of cause or by establishing actual innocence.

### 4.      *Ground four*

As noted above, Washington alleges in Ground Four that he "was denied his due process rights as to the 5th and 14th amendment due to the trial court failure to allow [him] to utilize Post-conviction as a remedy or vehicle of challenging his conviction."[161] In his supporting facts, Washington states that this ground is based on his filing three post-conviction "petitions," and then having one of the them "incompletely ruled on" and the remaining two "completely ignored."[162] Washington further states in his amended petition that he never pursued this issue in state court because it was "time barred."[163]

Although Washington here refers to three postconviction "petitions," he plainly means to refer to the three trial court decisions that denied his numerous postconviction motions or petitions which he filed between the end of his trial in 2009 and the filing of his amended federal habeas petition in February, 2013.

---

[161] *Id.* at 10.

[162] *Id.* at 11.

[163] *Id.*

The trial court first denied all of Washington's postconviction motions that were filed prior to the re-sentencing.[164] Then, following the re-sentencing, the trial court denied all pending postconviction motions filed after re-sentencing as without merit.[165] Finally, on January 10, 2013, the trial court again denied the motions filed after the earlier denial, this time suggesting that Washington should not continually file motions with the court while he was accumulating numerous disciplinary write-ups in prison – motions that were unsupported in law. Rather, the trial court stated he should "focus[] on improving his behavior to show the Court that he is not a risk to the community" by any form of modification of sentence or earlier release.[166]

As the State observes, Washington procedurally defaulted this claim by failing to appeal from the denials of his postconviction motions within 30 days of the entry of each denial, as required by Ohio Appellate Rule 4.[167]

As outlined in the procedural history section of this brief, Washington filed numerous postconviction motions. On May 16, 2011, the trial court denied all of Washington's postconviction motions as without merit and notified Washington that all motions of a similar

---

[164] ECF # 18-1, at 1.

[165] *Id.*, at 257.

[166] ECF # 18-2, at 375-76.

[167] ECF # 18 at 37.

nature will not be considered by the court.[168] On January 10, 2013, the trial court issued another order denying postconviction relief.[169]

Washington did not file a notice of appeal in either instance when the trial court denied his postconviction motions. This failure to appeal in the Ohio courts from the denial of his postconviction motions means that his current claim that the trial court denied him due process in denying the motions is now procedurally defaulted. Thus, no Ohio appellate court was ever presented with an opportunity to rule on these postconviction claims.[170]

Washington attempts to excuse the default by claiming that because the trial court's order of May 16, 2011, denying his postconviction motions filed after re-sentencing did not include findings of fact or conclusions of law, that order was an "incomplete ruling/journal entry" that "thwarted this petitioner's ability to seek further review."[171]

But, as the State observes, and as Washington's court-appointed appellate attorney stated in her *Anders* brief, the claims raised in the first group of postconviction motions – *i.e.*, that the indictment was invalid and that the indictment was improperly amended – was either denied in the first appeal as of right or was known to Washington at that time and so now would be barred by *res judicata*.[172]

---

[168] ECF # 18-1, at 257.

[169] ECF # 18-2, at 375.

[170] *Id.*

[171] ECF # 20 at 1.

[172] *Id.* (citing ECF # 18-2, at 390-97).

Thus, as the State concludes here, any incomplete journal entry of May 16, 2011, denying the second group of postconviction motions could not possibly have barred Washington from obtaining review of his claims because those claims had either already been reviewed and denied in the first direct appeal or would be barred by *res judicata* from being considered in a later appeal. Furthermore, Washington never appealed the denial of any of those motions.

## 5. *Request for an evidentiary hearing*

Finally, Washington's request for an evidentiary hearing for the transcripts of the grand jury hearing should be denied. As noted above, the incomplete record on the May 16, 2011, ruling did not cause him to procedurally default his claims, as the defaults occurred before that date. An evidentiary hearing into the grand jury proceedings would not produce any evidence that Washington could use in this federal habeas action because, as noted, the improper indictment allegation has been procedurally defaulted and that default has not been cured by a showing of cause or by evidence of actual innocence.[173]

---

[173] ECF # 21 at 2-4. I note further, as does the State, that deficiencies in an indictment are not cognizable claims in federal habeas actions but are purely questions of state law. *Roe v. Baker*, 316 F.3d 557, 570 (6th Cir. 2002); *Mirn v. Marshall*, 806 F.2d 636, 639 (6th Cir. 1986).

**Conclusion**

Accordingly, for the reasons stated above, I recommend that the petition of Jimmie L. Washington for a writ of habeas corpus be dismissed as procedurally defaulted and his motion for an evidentiary hearing be denied.

Dated:   August 29, 2014                          s/ William H. Baughman, Jr.
                                                  United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[174]

---

[174] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).