IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

JIMMIE L. WASHINGTON,

                Petitioner

-vs-

DONALD MORGAN,

                Respondent.

---

CASE NO. 5:12 CV 00084

<u>MEMORANDUM AND ORDER
ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND
RECOMMENDATION AND
DISMISSING THE PETITIONER'S
PETITION FOR HABEAS RELIEF</u>

UNITED STATES DISTRICT JUDGE LESLEY WELLS

    Pursuant to Local Rule 72.2(b)(2), the instant petition for the Writ of Habeas Corpus (Doc. 10) was referred to United States Magistrate Judge William H. Baughman, Jr., for Report and Recommendation ("R&R"). On August 29, 2014, the Magistrate Judge recommended that the petition be dismissed because all the petitioner's claims are procedurally defaulted. (Doc. 22). The petitioner has filed timely objections. (Doc. 21). For the reasons that follow, the objections will be overruled, the R&R adopted, and the petition dismissed

I.

    This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991). The parties have "the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). And, "objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995).

## II.

The procedural history of petitioner Jimmie L. Washington's underlying state criminal case is ably recounted in Magistrate Judge Baughman's R&R and need not be repeated in great detail here. For present purposes, the case may be briefly summarized as follows. A Summit County jury convicted Mr. Washington of theft and aggravated robbery with a gun specification. After sentencing, the petitioner appealed. The court of appeals reversed the trial court, in part, holding that the theft conviction should have merged with the aggravated robbery conviction since these were allied offenses. Mr. Washington appealed this decision to the Supreme Court of Ohio, but the court dismissed it as not involving a substantial constitutional question. On remand to the trial court, Mr. Washington was sentenced to seven years incarceration for armed robbery with a firearm specification. (Doc. 18-1, p. 11).

The petitioner also sought postconviction relief in the trial court, and he filed numerous Rule 26 motions in the intermediate court of appeals. These proceedings,

2

whose outcome was not favorable to the petitioner, are described in detail in the R&R, and, being largely immaterial to the issues presently before this Court, need not be recounted here.

On 8 February 2013, Mr. Washington filed the instant habeas petition pursuant to 28 U.S.C. § 2254. As stated in the petition, he seeks relief on four grounds:

> Ground one: The trial court erred by allowing petitioner to stand trial on a paper writing with no real effect in the form of an indictment meeting sham legal process. (sic).
>
> Ground two: The trial court erred in refusing to sentence the petitioner on the amended theft of count two after he was convicted.
>
> Ground three: The trial court erred by allowing the defendant to stand trial on both the aggravated robbery and theft as it violated Double Jeopardy.
>
> Ground four: Petitioner was denied his due process rights as to the 5th and 14th amendment due to the trial court failure to allow the petitioner to utilize post-conviction as a remedy or vehicle of challenging his conviction.

(Doc. 10).

Magistrate Judge Baughman reviewed each of Mr. Washington's grounds for relief and determined that none of them had been timely submitted for review to the Supreme Court of Ohio. As such, the Magistrate Judge concluded, the petitioner procedurally defaulted on all his claims, pursuant to O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).[1] The Magistrate Judge further concluded that the petitioner failed to demonstrate cause and prejudice for his procedural default.

Mr. Washington now objects and argues that he did not procedurally default on

---

[1] Under O'Sullivan, a federal habeas petitioner must give "the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

his claims because "the defense of subject matter jurisdiction can never be waived." (Doc. 23, pp. 1-2). What this argument seems to suggest is that the question of procedural default should be considered a moot issue because the state trial court never had subject matter jurisdiction to try him in the first place. The Court rejects this argument, because it is not cognizable on habeas review: "The determination of whether a particular state court is vested with jurisdiction under state law and is the proper venue to hear a criminal case is a 'function of the state courts, not the federal judiciary.'" Kincaid v. Klee, 1:13-CV-12278, 2013 WL 3817357 (E.D. Mich. July 23, 2013) (quoting Wills v. Egeler, 532 F.2d 1058, 1059 (6th Cir.1976)) (collecting cases). Therefore, the Court declines to consider whether the state court had jurisdiction over Mr. Washington's case. Further, having reviewed the state court record, this Court agrees with Magistrate Judge Baughman that the petitioner has procedurally defaulted on all his claims because he failed to timely present them to the Ohio Supreme Court.

Mr. Washington asserts several other arguments in relation to the Magistrate Judge's "cause and prejudice" analysis, but the Court declines to consider those as well, since they are not sufficiently specific to trigger *de novo* review of the R&R. Instead of describing how the Magistrate Judge supposedly erred, the petitioner simply presents the same arguments that were already considered and rejected by the Magistrate Judge. For instance, the petitioner again argues that he has established "cause" for his procedural defaults because the trial court failed to include findings of fact and conclusions of law in its order denying his motions for postconviction relief. The Magistrate Judge, through a well-reasoned analysis, rejected this argument. The petitioner does not explain, as he must, where the Magistrate Judge supposedly went

4

wrong. If the Court were to review the petitioner's arguments *de novo*, "[t]he functions of the district court [would be] effectively duplicated as both the magistrate and the district court [have] perform[ed] identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard, 932 F.2d at 509 (explaining that that the specificity requirement contained in 28 U.S.C. § 636 is necessary to conserve judicial resources).

Having carefully reviewed Magistrate Judge Baughman's R&R in light of the record, the Court finds the R&R to be well-reasoned and without error. The Court accordingly adopts the R&R in its entirety

### III.

For the reasons stated above, the petitioner's objections are overruled, the R&R is adopted, and the petition is dismissed. The petitioner's motion for an evidentiary hearing is denied.

IT IS SO ORDERED.

UNITED STATES DISTRICT JUDGE

Date: October 28 2014